IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARBARA CLARK,

    Plaintiff,               CIV S-07-1086 FCD KJM PS

    v.

CARRIE NEVANS, et al.,

    Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

/

        Defendants' motion and joinders therein to have plaintiff declared a vexatious litigant are pending before the court. Upon review of the motion and the documents in support and opposition, upon hearing the arguments of plaintiff and counsel at oral argument on this matter and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In the instant action, plaintiff alleges claims related to proceedings in the California workers' compensation system arising out of plaintiff's industrial injury while employed at San Joaquin Community Hospital ("SJCH"). Numerous people and entities named as defendants in the original and amended complaint have been associated with plaintiff's state workers' compensation proceedings, including the acting Administrative Director of the California Division of Workers' Compensation and its chief counsel, a workers' compensation claims administrator and its board chairman, an attorney representing defendants in the workers'

1

1  compensation proceedings, the administrative law judge assigned to plaintiff's workers'
2  compensation case, a workers' compensation qualified medical examiner and numerous other
3  persons.  In the amended complaint, plaintiff alleges claims under the Medicare Secondary Payer
4  Act ("MSA"), 42 U.S.C. § 1395y, and the Civil Rights Act, 42 U.S.C. § 1983.  Defendants
5  Adventist Health System, Nevans and Hershewe move to have plaintiff declared a vexatious
6  litigant.
7         The Ninth Circuit has acknowledged the "inherent power of federal courts to
8  regulate the activities of abusive litigants by imposing carefully tailored restrictions under the
9  appropriate circumstances."  De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.1990)
10 (discussing requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an
11 order requiring a litigant to seek permission from the court prior to filing any future suits); see
12 also Molski v. Evergreen Dynasty Corp., __ F.3d __, 2007 WL 2458547, *7 (9th Cir. 2007).
13 Local Rule 65.1-151(b) provides, in pertinent part:  "The provisions of Title 3A, part 2, of the
14 California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a
15 procedural rule of this Court on the basis of which the Court may order the giving of security,
16 bond, or undertaking, although the power of the court shall not be limited thereby."  Cal. Civ.
17 Proc. Code, Title 3A, part 2, commencing with § 391.  A vexatious litigant is, inter alia, a person
18 acting pro se who "repeatedly files unmeritorious motions, pleadings, or other papers" or
19 "engages in other tactics that are frivolous or solely intended to cause unnecessary delay."  Cal.
20 Civ. Proc. Code § 391(b)(3).[1]  As explained below, the court finds plaintiff should be declared a

---

[1] Cal. Civ. Proc. Code § 391 provides:

> As used in this title, the following terms have the following meanings:
> (a) "Litigation" means any civil action or proceeding, commenced, maintained or pending in any state or federal court.
> (b) "Vexatious litigant" means a person who does any of the following:
> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least

vexatious litigant under subsection (b)(3).

Plaintiff has filed one action before the California Workers' Compensation Appeals Board, Case No. BAK 117784; two state court cases venued in Kern County, case numbers S-1500-145957-JES and S-1500-245966-LPE; and two federal actions venued in the Eastern District of California, case number CIV-S-05-2410 FCD KJM PS and this case, case number CIV S-07-1086 FCD KJM PS.  Plaintiff also removed to federal court eight state court cases seeking temporary restraining orders against plaintiff, case numbers CIV S-06-1465 FCD KJM PS, CIV S-06-1466 FCD KJM PS, CIV S-06-1467 FCD KJM PS, CIV S-06-1468 FCD

---

five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.
(2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either  (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.
(3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.
(4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.
(c) "Security" means an undertaking to assure payment, to the party for whose benefit the undertaking is required to be furnished, of the party's reasonable expenses, including attorney's fees and not limited to taxable costs, incurred in or in connection with a litigation instituted, caused to be instituted, or maintained or caused to be maintained by a vexatious litigant.
(d) "Plaintiff" means the person who commences, institutes or maintains a litigation or causes it to be commenced, instituted or maintained, including an attorney at law acting in propria persona.
(e) "Defendant" means a person (including corporation, association, partnership and firm or governmental entity) against whom a litigation is brought or maintained or sought to be brought or maintained.

1  KJM PS, CIV S-06-1470 FCD KJM PS, CIV S-06-1471 FCD KJM PS, CIV S-06-1472 FCD
2  KJM PS, and CIV S-06-1473 FCD KJM PS.  All of the above enumerated actions allege claims
3  related to, or involve parties involved in, plaintiff's workers' compensation proceedings.
4        In the federal actions, in which the undersigned is the assigned magistrate judge,
5  plaintiff has filed numerous and repeated frivolous pleadings.  For instance, in the removed
6  actions, although these cases were summarily remanded, plaintiff filed a frivolous motion in each
7  case to vacate the remand order.  In case number CIV S-06-1465 FCD KJM PS, plaintiff then
8  filed another frivolous motion to vacate ten months after the first motion to vacate was denied.
9  In case number CIV-S-05-2410 FCD KJM PS, based on plaintiff's numerous, frivolous,
10 extraneous and improper filings, plaintiff was severely restricted in the filings she was permitted
11 by order filed February 3, 2006.  Despite the limiting order, plaintiff continued to file frivolous
12 pleadings in direct contravention of the court's order, including documents titled "request for
13 judicial notice" for which judicial notice was not proper and other "notices" that were not
14 properly noticed motions, all of which filings required review by the court and defense counsel
15 and appropriate response thereto.  See Clark v. Rea, Civ S-05-2410 FCD KJM PS, Docket nos.
16 65, 67, 70, 71, 74, 80, 81, 87, 91, 131, 134.  Similarly, in this case, after limitations were placed
17 on plaintiff's filings by order filed June 11, 2007, in light of the procedural morass into which
18 the case was quickly descending, plaintiff sought to circumvent those restrictions by frivolously
19 filing a "letter," "objections" to an order, and various "errata."  See Docket nos. 29, 42, 45, 66,
20 68, 69.
21       Pre-filing review orders, in which a complainant is required to obtain approval
22 from a United States Magistrate Judge or District Judge prior to filing a complaint, can be
23 appropriate in certain occasions but "should rarely be filed." DeLong, 912 F.2d at 1147.  The
24 DeLong court articulated that the following four conditions must be met before the court enters
25 such an order: (1) plaintiff must be given adequate notice to oppose the order; (2) the court must
26 provide an adequate record for review, listing the pleadings that led the court to conclude that a

vexatious litigant order was warranted; (3) the court must make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored. Id. at 1147-48.

Plaintiff has been warned by orders filed June 11, 2007 in the instant action and by an order filed February 3, 2006 in case no. CIV S-05-2410 FCD KJM PS that the multiplicity of plaintiff's filings are a burden on the court and that appropriate sanctions might be imposed. Plaintiff also was put on notice that the court would consider imposition of a vexatious litigant order by the defendants' filing of the pending motion and joinders therein by the other defendants to this action. In addition, plaintiff is put on notice by this recommendation that such an order may be entered against her. Plaintiff will have an additional opportunity to object to the entry of the order by filing objections to these findings and recommendations.

Judicial notice is hereby taken of the state court and workers' compensation proceedings as well as the above-described cases filed in the Eastern District of California. The actions brought by plaintiff have been duly noted above, involving this case and the prior cases against defendants named herein, and the threat of additional filings against these defendants arising out of plaintiff's workers' compensation proceedings is evident.

The court finds the instant matter is frivolous and harassing of the named defendants as it continues to raise claims stemming from plaintiff's workers' compensation case and her unhappiness with the state workers' compensation proceedings over which this court has no supervisory or appellate jurisdiction. Plaintiff previously was advised, in the findings and recommendations filed in case number CIV S-05-2410 on May 18, 2006 and adopted by the district court on June 5, 2006, that plaintiff may not proceed in an action asserting claims under 42 U.S.C. § 1983 against defendant Hershewe. In both the May 18, 2006 findings and recommendations as well as the May 1, 2006 findings and recommendations filed in the same case, plaintiff was advised that a defendant must be a state actor to be sued under section 1983, yet plaintiff continues to press claims in the instant action against defendants who clearly are not

... 

state actors.  Plaintiff also was advised in those same sets of findings and recommendations that the directors of state agencies sued in their official capacities are immune from suit in federal court under the Eleventh Amendment, yet plaintiff continues to allege such claims here.  Plaintiff also raises claims against an administrative law judge that are barred by judicial immunity.  In the instant action, plaintiff also raises a frivolous claim for injunctive relief under the MSA that by its very terms, and as acknowledged by plaintiff in her amended complaint, provides only for a private right of action for damages, not injunctive relief.  42 U.S.C. § 1395y(b)(3)(A); see Am. Compl. at 11:3-7 & n. 6.

       Plaintiff repeatedly raises unmeritorious claims as evidenced by plaintiff's attempts to relitigate issues previously and finally decided by the district court in case no. CIV S-05-2410 FCD KJM PS.  Moreover, as is evident from the numerous amendments in the prior federal action, the instant action, and the state court actions, plaintiff repeatedly makes claim after claim against various constellations of defendants associated with her workers' compensation proceedings and appears intent on using litigation to harass her perceived adversaries.  At the very least, plaintiff is unwilling or unable to accept the final resolution of fully adjudicated actions and motions against her.  The legally frivolous and harassing nature of plaintiff's litigation tactics is evidenced by her failure to properly serve the defendants once naming them in the original and amended complaints.  In the instant action, plaintiff again names numerous defendants but has filed no proofs of service of summons, despite the fact plaintiff was advised in the May 22, 2007 order that timely service under Federal Rule of Civil Procedure 4 is required and despite plaintiff's knowledge garnered from her prior federal court case that, absent timely service, the court would recommend dismissal of the non-served defendants.  See Case no. CIV S-05-2410 FCD KJM PS, Orders filed December 1, 2005 and February 3, 2006.

       The harassing nature of plaintiff's litigation tactics and her intent to continue to pursue these defendants also is illuminated by the numerous letters plaintiff has authored and mailed over the past several years, including letters designed to throw up financial barriers to

those involved with plaintiff's workers' compensation proceedings.  See Def't Adventist's Mot. in Support, Exs. 66-73, 75, 76, 82, 83-85, 87-103 & App. D; Def't Nevans' Joinder (docket no. 55), Exs. A-G; Def't Hershewe's Reply (docket no. 65), Exs. B-E.  While the factual issues raised in these letters are not subject to judicial notice, plaintiff does not deny authoring and transmitting these letters.  The court views them as evidence of the enduring animus harbored by plaintiff toward those associated with her workers' compensation proceedings and the underlying harassing nature of her actions.  Further evidence of plaintiff's intent to simply prolong litigation is found in plaintiff's response to the motions to dismiss filed in response to plaintiff's original complaint in this action.  Apparently recognizing the merits of defendants' motion to dismiss, plaintiff simply dropped defendants Adventist Health and Mostert and amended the complaint, adding numerous new defendants, all of whom had the misfortune of somehow being associated with plaintiff's workers' compensation proceedings.

There is a substantial likelihood, based on her past conduct, that plaintiff will persist in numerous and ultimately unmeritorious challenges to court orders and rulings. Plaintiff's efforts in the present litigation to reframe her allegations as brought under the MSA or as a conspiracy in an attempt to circumvent the state actor requirement for bringing an action under the Civil Rights statute - in what is at bottom a dispute with the state workers' compensation system - exemplify her mode of litigation.  This court finds no reasonable probability that plaintiff will prevail on the merits of the claims presented herein or that any of the named defendants will be found liable on the claims presented against them.  In short, this court should no longer countenance plaintiff's repeated collateral attacks on the state's workers' compensation proceedings.  For the foregoing reasons, the court will recommend dismissal of this action and entry of a prospective pre-filing order.

As noted, district courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation.  See Delong, 912 F.2d at 1147.  Such pre-filing orders may enjoin the litigant from filing further actions or

papers unless she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case.  See, e.g., Moy v. United States, 906 F.2d 467, 469 (9th Cir.1990) (approving modification to order forbidding pro se plaintiff from filing further complaints without prior approval of district court).

While this court may limit plaintiff's access to the courts, any such limitation must be designed to preserve her right to adequate, effective and meaningful access to the courts while preserving this court and defendants from abuse.  Therefore, if plaintiff believes she has federal claims unrelated to her workers' compensation dispute, she should be required to submit her pre-filing request to the duty judge of this court for review.  Plaintiff should be required to include with such a pre-filing request a declaration under penalty of perjury stating that the claims raised in the newly-filed request are wholly unrelated to her workers' compensation dispute.  Plaintiff's newly-filed action should not proceed absent a court order granting her permission to proceed with such unrelated claims.

Accordingly, IT IS HEREBY ORDERED that notwithstanding the order filed August 30, 2007, plaintiff is granted leave to file one set of objections to these findings and recommendations; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff be declared a vexatious litigant.

2. The following pre-filing order be entered:

A. Plaintiff is prohibited from raising in this court any claims relating to her workers' compensation dispute, including claims of conspiracy related thereto, and plaintiff is precluded from naming as defendants Carrie Nevans, Dennis Hershewe, Thomas Mostert, Adventist Health System/West, David N. Glaser, M.D., Destie Overpeck, David Wolf and Robert Norton.  Plaintiff is directed not to attempt to base her claims on other federal authority, i.e., under the Medicare Secondary Payer Act, Americans with Disabilities Act, the Civil Rights Act, or via constitutional challenges, in an attempt to circumvent this pre-filing order.

B. Plaintiff is directed to submit a pre-filing request to the duty judge of this court to consider any new federal claims unrelated to plaintiff's workers' compensation dispute. Plaintiff is directed to include with any pre-filing request a declaration under penalty of perjury stating that the claims raised in her pre-filing request are unrelated to her workers' compensation dispute. Plaintiff be required to obtain a court order granting her permission to proceed with such unrelated claims prior to filing such claims in this court.

3. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 16, 2007.

_____
U.S. MAGISTRATE JUDGE

clark-nevans.vex