1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BARBARA CLARK,

11          Plaintiff,                    CIV S-07-1086 FCD KJM PS

12          v.

13   CARRIE NEVANS, et al.,              FINDINGS AND RECOMMENDATIONS

14
          Defendants.
15   _____/

16          Defendant Hershewe's motion for attorneys' fees is pending before the court.

17   Upon review of the documents in support and opposition, upon having heard oral argument, and

18   good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

19          Defendant brings his motion for attorneys' fees under 42 U.S.C. § 1988.[1]  That

20   section provides in relevant part: ". . . In any action or proceeding to enforce a provision of . . .

21   42 U.S.C. §§ 1981 - 1983 . . ., the Court, in its discretion, may allow the prevailing party, other

22   than the United States, a reasonable attorney's fee as part of the costs. . . ."  42 U.S.C. § 1988.

23   Authorization for attorneys' fees under section 1988 is different for prevailing defendants in a

24

25          [1]  Defendant also moves for an award of attorneys' fees under Federal Rule of Civil
     Procedure 11.  Because the court has determined an award under section 1988 is appropriate, the
26   court will not address defendant's arguments under Rule 11.

1

1   civil rights action than for prevailing plaintiffs.  Vernon v. City of Los Angeles, 27 F.3d 1385,

2   1402 (9th Cir.1994).  A prevailing defendant may receive an award of attorneys' fees under

3   section 1988 "only where the action is found to be unreasonable, frivolous, meritless or

4   vexatious."  Legal Servs. v. Arnett, 114 F.3d 135, 141 (9th Cir.1997).  Accordingly, attorneys'

5   fees in civil rights cases should only be awarded to a defendant in exceptional circumstances.

6   Saman v. Robbins, 173 F.3d 1150, 1157-58 (9th Cir.1999).  The court finds those exceptional

7   circumstances here.

8           Plaintiff previously sued defendant Hershewe under 42 U.S.C. § 1983 in Clark v.

9   Pope, CIV S-05-2410 FCD KJM PS.  Defendant Hershewe was dismissed in that action because

10   his conduct in acting as the attorney representing the employer in plaintiff's workers'

11   compensation case could not be fairly characterized as state action.  See Findings and

12   Recommendations filed May 18, 2006 [case no. 05-2410, docket no. 100].  Plaintiff then filed the

13   present action, again alleging a claim against defendant Hershewe under section 1983 arising out

14   of the same circumstances underlying her first federal action against this defendant.  The court

15   found this action was meritless and declared plaintiff a vexatious litigant.  See Findings and

16   Recommendations filed October 16, 2007 [case no. 07-1086, docket no. 73]; Order adopting

17   Findings and Recommendations filed November 14, 2007 [case no. 07-1086, docket no. 74].

18   Plaintiff's claim against defendant Hershewe was groundless and without foundation from the

19   outset of this action.  An award of attorneys' fees is therefore warranted in this case.  See Hughes

20   v. Rowe, 449 U.S. 5, 14 (1980); see also Tutor-Saliba Corp. v. City of Hailey, 452 F.3d 1055,

21   1061-63 (9th Cir. 2006).

22           In calculating a fee award, the court has employed the lodestar method of

23   multiplying the number of hours reasonably expended on the litigation by a reasonable hourly

24   rate.  Hensley v.Eckerhart, 461 U.S. 424, 433 (1983).  The court has also considered the factors

25   set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); see also Morales v.

26   City of Rafael, 96 F.3d 359, 363-64 (9th Cir. 1996).  Defense counsel for defendant Hershewe has

submitted detailed billings and passed on the reduced rate charged to defendant Hershewe.[2]  The court finds there is no overbilling and the total amount of hours claimed, given the numerous motions that had to be opposed and the extraneous pleadings that had to be reviewed, were reasonably incurred in defense of this litigation.  An appropriate award of attorneys' fees in this matter is the reasonable hourly rate proffered by defense counsel, with discounts as set forth in counsel's declaration, multiplied by the hours claimed.  See Defendant Hershewe's motion for attorneys' fees, Exhibit B [docket no. 87].

Accordingly, IT IS HEREBY RECOMMENDED that defendant Hershewe's motion for attorneys' fees and costs under 42 U.S.C. § 1988 be granted in the amount of $35,840 and costs be allowed in the amount of $343.12.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 2, 2008.

_____
U.S. MAGISTRATE JUDGE

clark-nevans.fee

---

[2] Counsel provided unredacted copies of billing statements for in camera review.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26